FRANK GARIBALDI ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWALK ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued April 4—decided June 6, 1972

*Melvin J. Silverman,* with whom, on the brief, was *Jules Lang,* for the appellants (plaintiffs).

*Vincent D. Flaherty,* for the appellees (defendant Robert Hausmann et al.), with whom, on the brief, was *Leonard S. Hermann,* for the appellee (named defendant).

HOUSE, C. J.  The zoning board of appeals in Norwalk granted the application of Robert Hausmann and Walter Spatta for a variance of the zoning regulations to permit them to move their liquor package store from 55 New Canaan Avenue to premises located at 175, 177, 179 Main Street. The plaintiffs appealed to the Court of Common Pleas, which rendered judgment dismissing the appeal and from that judgment the plaintiffs have taken this appeal.

The relevant facts are not in dispute. The two applicants, hereinafter referred to as the defendants, operated a package store in a building owned by them at 55 New Canaan Avenue, Norwalk. The state of Connecticut, through the highway commissioner, took the property by eminent domain proceedings and ordered the defendants to vacate the premises. Thereafter, the defendants made a diligent search of the area for another location in which the operation of a liquor package store was a permitted use. Of the suitable locations, all were either unavailable or in violation of § 7A (2) of the Nor-

walk building zone regulations, which prohibits the establishment of a retail liquor store "within a distance of one thousand feet from other premises used for the sale of alcoholic liquor at retail under a package store liquor permit." In order to relocate their business, the defendants, in July, 1968, purchased land on Main Street and constructed a building, comprised of four stores, with the intention of reestablishing their package store business on those premises. The proposed new location was approximately 200 feet from Franc's Liquor Store, a package store owned by the plaintiffs, and about 2000 feet from the defendants' former place of business.

On January 31, 1969, the defendants applied to the defendant zoning board of appeals for a variance "to enable them to relocate the Jug & Bottle Liquor Store within 1,000 feet of the entrance of a building used for the sale of alcoholic liquor." In their application, the defendants stated that the relocation was involuntary and caused by reasons entirely beyond their control and that "[t]he public health, safety and welfare do not require a strict enforcement of the 1,000 foot restriction and the granting of the variance would be in harmony with the purpose and intent of the zoning regulations because the Main Street location is within a zone where the regulations permit retail package liquor stores." The zoning board of appeals granted the variance on the grounds that "there is a hardship due to State relocation of Route 7" and "there is no available property within the perimeter of this area."

Among the plaintiffs' assignments of error is the claim that the trial court erred in concluding that the requisite legal hardship existed to permit a variance of the zoning regulations. It is their claim that under § 8-6 of the General Statutes and the decisions

of this court a variance is properly granted only where there is a showing before the zoning board of appeals that the hardship caused by the application of zoning regulations relates to the property for which the variance is sought and not to the personal hardship of the owners thereof. We agree with the merits of this contention and find it decisive on this appeal.

The authority for a zoning board of appeals to vary the application of zoning regulations is found in § 8-6 (3) of the General Statutes and is specifically limited to variances "with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." We have carefully examined the evidence before the board as submitted in the appendices to the briefs and we find nothing which would indicate that the 1000-foot restriction in any way especially affects the defendants' parcel of land in any manner different from the way it generally affects all the parcels of land in the zoning district in which it is situated. As regards the land itself, the defendants are in no different position than anyone else who owns land which is within 1000 feet of an established liquor outlet. It is clear that for a hardship to justify the granting of a variance, the hardship must be different in kind from that affecting generally properties in the same zoning district. *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104.

We have stated before, and we reiterate here: "It

would be a rare case where, owing to conditions especially affecting a given piece of property, a regulation which prescribes a minimum distance between certain types of liquor outlets would cause a hardship different in kind from that felt by other properties in a zone. Ordinarily this type of regulation causes only a financial impact in the zones where it applies, and therefore variances of this type of regulation are seldom sustained by the courts." *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 430, 242 A.2d 713; see also note, 9 A.L.R.2d 877, 890 § 12.

By its very definition, a variance is granted with respect to a particular piece of property; it can be enjoyed not only by the present owner but by all subsequent owners. 2 Anderson, American Law of Zoning § 14.29, p. 662. It follows then that a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. *Carlson* v. *Zoning Board of Appeals,* 158 Conn. 86, 89, 255 A.2d 841, and cases cited. Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance. *Highland Park, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 40, 43, 229 A.2d 356. Hardships in such instances as these do not arise from the application of zoning regulations, per se, but from zoning requirements coupled with an individual's personal needs, preferences and circumstances. Personal hardships, regardless of how

compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance.

The General Assembly by amendments to § 30-52 of the General Statutes and Norwalk by amendment to its zoning regulations[1] have taken legislative steps to afford a measure of relief to liquor permittees whose premises have been taken by eminent domain. If other or further relief is warranted in such circumstances or where inequities peculiar to an individual's ownership of a parcel of land exist, such relief must be founded in further legislative action and not, as attempted here, by the administrative action of a zoning board of appeals. To the extent that *Mabank Corporation* v. *Zoning Board of Appeals,* 143 Conn. 132, 120 A.2d 149, is inconsistent with this opinion and at odds with our decisions in *Maraczi* v. *Zoning Board of Appeals,* 155 Conn. 500, 234 A.2d 824, and *Goldberger* v. *Zoning Board of Appeals,* 153 Conn. 312, 216 A.2d 424, it is overruled.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.

---

[1] "[Norwalk Building Zone Regulations]. SECTION 7A. —SPECIAL REGULATIONS RELATIVE TO LIQUOR OUTLETS IN BUSINESS AND INDUSTRIAL ZONES. . . . Sub-Section 5. Nothing herein contained shall prohibit or prevent any established retail alcoholic liquor business which is otherwise a conforming use from adding additional floor space by the addition or construction of adjoining premises or from moving to another location within five hundred (500) feet of its previous location measured in a direct air-line from the entrance of the previous location to the entrance of the proposed removal location, without regard to the nature of the intervening terrain or to the actual means of foot or vehicle travel between the original location and the proposed removal location."