[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a zoning appeal, pursuant to Conn. Gen. Stat. 8-8, from the decision of the Old Lyme Zoning Board of Appeals ("the Board"). The Board denied the application of the plaintiff, Stanley Sack, for a variance that would have allowed him to finish renovations on his home at 51 Springfield Road, Old Lyme. After a public hearing held on May 15, 1990, the Board denied plaintiff's application for a variance that would have allowed him to complete a deck and a second-floor addition.
The Board published notice of its decision in The Pictorial Gazette on May 29, 1990. Plaintiff served this appeal on June 12, 1990. The Plaintiff timely brought this appeal within 15 CT Page 7756 days of publication of notice as required by Conn. Public Acts No. 89-356 1(b).
The following facts are not in dispute. In 1988, the plaintiff hired a general contractor to renovate his house. The renovations were to include the addition of a wood deck on one side of the house and a second-floor addition on the other. The contractor began construction without first obtaining a building permit, when the plaintiff was out of state.
The Building Inspector/Zoning Enforcement Officer ("ZEO") issued a stop work order on December 20, 1988 after substantial work had been completed. The plaintiff appealed the ZEO's action and filed a variance application on January 13, 1989. The Board upheld the ZEO's decision and denied the application after a public hearing on February 27, 1989. The plaintiff appealed this decision in Sack v. Old Lyme Zoning Board, No. 510034, in which the Court (Tamborra, J.), dismissed the plaintiff's appeal on March 5, 1991.
On April 11, 1990, while the first appeal was pending, the plaintiff again applied for a variance from Art. II, A.2 (12 foot sideyard requirement and 25% maximum building coverage) and Art. I, E.1.6 and E.1.7 (expansion/extension of building that has no required yardage and is on a nonconforming lot) of the Old Lyme Zoning Regulations. The plaintiff presented a scaled-down version of his plan. Specifically, plaintiff sought a variance of seven-and-one-half feet from the sideyard requirement and a variance of 39% from the maximum coverage requirement. At the public hearing held on May 15, 1990, the Board found that the scaled-down plan failed to conform to the regulations. The Board further found that the applicant "did not present any new evidence necessary to overturn a previously rejected decision."
The documents comprising the record were returned to the court on September 4, 1990. The Court held a hearing on June 6, 1991, a transcript of which appears in the file.
In order to assert a statutory right to appeal an agency's decision, the appellant must comply strictly with the statute creating that right. Simko v. ZBA, 206 Conn. 374, 377 (1988). Conn. Gen. Stat. 8-8 permits any person aggrieved by a decision of a commission or board to appeal to the superior court for the judicial district in which the municipality is located.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
The Court made a finding of aggrievement at the hearing CT Page 7757 before it on June 6, 1991. See transcript of proceedings on that date at pages 2 and 3.
A certified copy of a warranty deed from Ruth Dobkin to Stanley Sack was submitted to the Court (Tamborra, J) in Docket No. 51 00 34 which was an earlier appeal by the same plaintiff involving the same defendants and concerning the same premises and which appeal was still pending at the initiation of this instant appeal. See Memorandum of Decision dated March 4, 1991 in file no. 51 00 34.
The court finds that the plaintiff is the owner of the property which is the subject of the agency's decision. The plaintiff is entitled to bring this appeal. See Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968).
A trial court may grant relief on appeal from the decision of an administrative agency that has acted illegally, arbitrarily, or in abuse of its discretion. Raybestos-Manhattan, Inc. v. PZC, 186 Conn. 466, 470 (1982). The court is not at liberty, on reviewing the agency's decision, to substitute its own decision for that of the Board. Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988). The court must simply determine whether the record reasonably supports the agency's conclusions. Primerica v. PZC, 211 Conn. 85, 96
(1989).
To justify the granting of a variance, a hardship affecting the subject parcel must be shown. Garibaldi v. ZBA, 163 Conn. 235,238 (1972). The plaintiff brings this appeal before the court on a single ground, i.e., hardship. The plaintiff argued before the Board that "to tear it [the substantially-completed construction] down . . . would certainly work a hardship." In his application for the variance, moreover, the plaintiff focuses on the cost and expense of scaling down the plan.
The plaintiff merely alleges economic harm, i.e., the time and expense of dismantling the renovation. A variance, however, "is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance." Garibaldi, 163 Conn. at 239. "Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance." Id. "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Id. at 239-40. The plaintiff complains only about CT Page 7758 the cost and expense of tearing down or scaling down the renovations, he has failed to allege a hardship. The expense of tearing down renovations which were erected without complying with the zoning regulations is not a "hardship" which justifies a variance to allow the renovations to be made in the first place.
The appeal by the plaintiff is dismissed.
Austin, J.