[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marion Miller, appeals from the decision of the defendant, Zoning Board of Appeals of North Stonington (ZBA), which approved the defendant Charles E. Larkin's application for variances.
The defendant Charles E. Larkin applied to the ZBA for variances of 502 and 611.3 of the Zoning Regulations of North Stonington (Regulations) for a lot he owns in the R-80 zone of North Stonington (Town). Section 502 states that a lot in an R-80 zone must have a lot width at the front lot line (frontage) of 250 feet. Section 611.3 States:
 [o]nly one interior lot may be established through a division from the original tract. Such original tract shall be one which existed as of May 21, 1964. This tract must be conforming to the appropriate zoning district prior to and subsequent to the established of the interior building lot and its access corridor.
Defendant Larkin applied for the variances so that he could establish an interior building lot from a portion of his existing lot upon which he proposed to construct an in-law residence. The ZBA determined that he did not need a variance of 502, and approved his application for a variance of 611.3.
The matter was set down for a hearing before the defendant Board on January 9, 1990 and the defendant Larkin gave the ZBA an additional 14 days for hearing his application. After CT Page 8678 hearing on January 23, 1990, the ZBA approved Larkin's application. A notice of the ZBA's decision was published in the Westerly Sun on February 2, 1990. The plaintiff commenced this appeal by service of process on February 13, 1990. The return of record was completed on June 12, 1990. The plaintiff filed her brief on July 13, 1990; the defendant ZBA filed its brief on August 10, 1990; and, after the court granted his motion for an extension of time to file his brief, the defendant Larkin filed his brief on September 12, 1990. The appeal was heard by the court on June 18, 1991.
In her appeal, the plaintiff alleges that the ZBA
 exceeded its statutory authority and acted illegally, arbitrarily, and in abuse of the discretion vested in it in that:
 (a) They granted the variance without any showing by the applicant of legal hardship;
 (b) They granted the variance without any showing of conditions, especially affecting the subject parcel, but not affecting generally the district in which it is situated.
 (c) They failed to give adequate and timely notice of the hearing prior to said decision;
 (d) They failed to follow appropriate procedures at the hearing and subsequent meeting concerning their approval; (e) They failed to give adequate notice of their decision;
 (f) They granted the variance on the basis of a record which is devoid of any evidence of legal hardship; any hardship shown by the applicant was not unique and related to his land but rather was self-created;
 (g) The Zoning Board of Appeals wrongfully undertook to act in a legislative capacity and did not limit itself to its administrative functions; CT Page 8679 and
 (h) The variance granted by the said Zoning Board of Appeals was not in harmony with the general purpose and intent of the Zoning Ordinance of the Town of North Stonington, and were not in the interest of public health, safety, the general welfare and substantial justice.
The plaintiff's brief addresses all of the issues raised in her appeal, except for her claim that the ZBA failed to give adequate notice of the hearing prior to its decision. Therefore, this issue is considered abandoned. Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569,1585 (1988),
In order to take advantage of a statutory right to appeal an administrative agency's decision, the plaintiff must strictly comply with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. "[A]ny person aggrieved by any decision of a [zoning board of appeals] may take an appeal to the superior court. . . The appeal shall be commenced by service of process. . .within fifteen days from the date that notice of the decision was published as required by the general statutes." Conn. Gen. Stat. 8-8 (b).
Aggrievement is a prerequisite to the maintenance of an appeal from a zoning authority. Smith v. Planning and Board 203 Conn. 317, 321 (1987). Appeals taken under Conn. Gen. Stat. 8-8 are limited to persons "aggrieved" by a decision of the local zoning authority or persons "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in any decision" of the zoning authority. Conn. Gen. Stat. 8-8 (a)(1); see also Smith, 203 Conn. at 320-21.
In her complaint, the plaintiff claims she is the owner of real estate "which abuts adjoins and/or is within 100 feet of the property of the defendant Charles E. Larkin [(Larkin)]." At the administrative hearing, the plaintiff introduced a certified copy of her deed to property that adjoins and abuts the land of the defendant Larkin. Additionally, the defendant Larkin notified the plaintiff, as an abutting landowner, of his application for variance. Therefore, the plaintiff is aggrieved under Conn. Gen. Stat. 8-8 (a)(1).
A trial court may grant relief on appeal from a decision of CT Page 8680 an administrative authority only where the administrative authority has acted illegally or arbitrarily or has abused its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Comm'n, 186 Conn. 466, 470 (1982). The burden of proof to demonstrate that the administrative authority acted improperly is upon the plaintiff. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988). Issues raised in the plaintiff's complaint, but not briefed or argued before the court are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16
(1987): Ierardi, 15 Conn. App. at 585.
Whenever a zoning board of appeals grants a variance, it is required to state the reasons for its decision. Conn. Gen. Stat. 8-7. "When a zoning board states the reasons for its actions `the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations.'" Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,152-53 (1976). In reviewing the board's decision, the court views the issue as to credibility of witnesses and the determination of factual issues as within the province of the board. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732 (1988). The court is limited to determining whether the conclusions reached by the board are supported by the evidence that was before it based on an examination of the record. Farrington v. Zoning Board of Appeals, 177 Conn. 186,1190 (1979).
The plaintiff argues that the defendant ZBA should have rejected Larkin's application because it was incomplete and that the ZBA "acted illegally, arbitrarily and in abuse of its discretion in violation of [Conn. Gen. Stat.] 8-2, 8-6, and8-7" when it considered the application.
Page three of the ZBA's application for variance states:
PLOT PLAN OR DIAGRAM OF PROPERTY
 (A detailed sketch showing the location, area or dimensions of all the property owned by the applicant, proposed changes or additions and names of all owners whose property bounds upon any portion of subject property. If topographical conditions exist and are claimed as a hardship, note in plot plan.)
Larkin's application did not contain the sketch. The plaintiff argues that the defendant ZBA's regulations require CT Page 8681 the sketch to provide adequate notice to interested parties so that they may properly prepare the matter. The plaintiff further argues that Larkin's application should have been rejected because it was incomplete.
Nothing in Conn. Gen. Stat. 8-2, 8-6, and 8-7 requires an application for variance to include a detailed sketch. Section 207 of the Regulations states that "[a]ny person wishing to make a proposal that may not be consistent with the requirements of these regulations, may apply to the Zoning Board of Appeals for a variance. . . ." The Regulations do not specify that a sketch must be attached to an application for variance. The regulations do specify what must accompany applications for other purposes. Sections 202.4, 202.5. Neither the Regulations, nor the application require a sketch to be submitted with the application.
Defendant Larkin provided a sketch at the hearing on the application for variance. The plaintiff was represented by counsel at that hearing. All parties present at the hearing had an opportunity to examine the map and to cross-examine Mr. Larkin. No one present at the hearing objected to the use of the sketch by Mr. Larkin or the ZBA. The plaintiff had failed to meet her burden of proving that the ZBA acted improperly when it considered Mr. Larkin's application.
The plaintiff next argues that the ZBA's notice of decision was inadequate because it stated that Larkin's application for variances of 502 and 611.3 were granted while in fact the ZBA only granted Mr. Larkin a variance of 611.3.
Conn. Gen. Stat. 8-7 States, in pertinent part, that "[n]otice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality. . ., within fifteen days after such decision has been rendered. Failure to publish a notice of decision within the applicable time constraints renders the decision of a zoning authority void. Cardoza v. Zoning Commission, 211 Conn. 78, 81
(1989) citing Hyatt v. Zoning Board of Appeals, 163 Conn. 379,386-87 (1972). The purpose of the notice is to give interested parties notice of the decision, and to commence the start of the fifteen-day appeal period. See Akin v. Norwalk, 163 Conn. 68,73 (1972).
The defendant ZBA rendered a decision on defendant Larkin's application on January 23, 1990. The ZBA published a notice of its decision on February 2, 1990. This is within the fifteen days required by Conn. Gen. Stat. 8-7. The notice published by the ZBA reads, in pertinent part, as follows: "Application of Charles E. Larkin requesting a variance of sections 502 frontage CT Page 8682 and 611.3 one interior lot. . .for the purpose of constructing an in-laws residence. . . APPLICATION APPROVED." Although the notice of decision does not specify that only a variance of 611.3 was granted, it was adequate to give interested parties notice of the ZBA's decision to approve Mr. Larkin's application for a variance of 611.3, and to commence the start of the fifteen-day appeal period. The notice satisfies the purposes of Conn. Gen. Stat. 8-7 as stated in Akin and is not void.
In order for a zoning board of appeals to grant a variance 11 under Conn. Gen. Stat. 8-6, two conditions must be satisfied: "`(1) the variance must be shown not to affect substantially the comprehensive zoning plan and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general zoning plan."' Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
"Proof of hardship. . .is a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563 (1990): Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978). "`The hardship must be different in kind from that generally affecting properties in the same zoning district. . ."' Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 599 (1990) citing Smith 174 Conn. at 327.
 [A] variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance.
Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239 (1972); see also Culinary Institute of America, Inc. v. Board of Zoning Appeals, 143 Conn. 257, 261 (1956). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Garibaldi, 163 Conn. at 240.
Section C of the ZBA's application for variance states: "If a hardship is claimed, please state how the Zoning Regulations have caused this hardship. " The defendant Larkin responded to this question as follows: "Per the Zoning Regulations, only one principal structure is permitted per lot. CT Page 8683 Yet a duplex dwelling is allowable. Thus, we are forced to either construct a duplex, which is not desirable for personal reasons, or are forced to not be able to construct at all for our in-laws." Section 611.3 of the Regulations does not impose a hardship different in kind from that generally affecting other properties in the same zoning district. Mr. Larkin is requesting a personal exemption from the enforcement of the zoning regulations. The Regulations do not create a hardship sufficient to warrant a variance;
Furthermore, the ZBA did not rely on Mr. Larkin's claimed hardship, but rather found that the retroactive application of 611.3 upon Mr. Larkin's property created a hardship. Section 611.3 was adopted in 1985 and Mr. Larkin purchased his property in 1983. Specifically, the ZBA stated that the lot upon which Mr. Larkin proposed to build complied with the Regulations other than the fact that it would create a second interior lot. The plaintiff argues that the ZBA acted illegally and in abuse of its discretion by substituting its stated hardship for the hardship claimed by the defendant Larkin.
The retroactive effect of 611.3 of the Regulations does not affect the defendant Larkin differently than it would affect any other owner who purchased land in an R-80 zone prior to the enactment of 611.3 Furthermore, any subsequent purchaser would not experience this same hardship because they could not claim retroactive application of the Regulation. The retroactive affect of 611.3 is not a hardship that is unique to the land and runs with the land, but it is unique to this property owner and is, therefore, personal to him. Therefore, the fact that Mr. Larkin owned his property prior to the enactment of 611.3 in 1985 is insufficient to justify a variance under Conn. Gen. Stat. 8-6.
The plaintiff argues that the variance is not in harmony with the comprehensive plan. Since the ZBA approved the variance, the ZBA considered Mr. Larkin's proposed lots to be in harmony with the comprehensive plan. The comprehensive plan is found in the municipality's regulations. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 657 (1980). Section 502 of the Regulations sets forth the minimum lot area, width, and yard requirements for the R-80 zone. The minimum lot area is 80,000 square feet (just under 2 acres). "The major objectives of these Regulations are to maintain the low density of development in this area, encourage a continuation of agricultural activities, and preserve the appearance of remoteness and the rural character." At the hearing, various members of the ZBA asked Mr. Larkin about the configuration of his proposed lots. Mr. Larkin responded that the lots complied with all the applicable Regulations, except 611.3 The survey submitted by CT Page 8684 Mr. Larkin at the hearing supports Mr. Larkin's statement. There was evidence before the ZBA to support a conclusion that the variance would be in harmony with the comprehensive plan.
By way of recapitulation, therefore, the court notes that the applicant stated that the "hardship", which was a necessary prerequisite to the granting of a variance, was because he wanted to "construct an In-Law's residence" for his aged mother and father and the applicant stated "these zoning regulations cause a hardship on my family. . .the hardship is that my family's circumstances have changed. . . ." The applicant admitted that at the time he purchased the property he was looking for "a nice piece of rural property" for a single house and with no "indication" he would want to subdivide. It would appear that the ZBA granted Mr. Larkin's request for a variance on the rationale that the zoning regulations by themselves created the hardship as they applied to a parcel Mr. Larkin owned at the time Section 611.3 went into effect. The ZBA may only grant a variance when it finds that "a literal enforcement would result in exceptional difficulty or unusual hardship. . .". (Conn. Gen. Stat. 8-6). The applicant clearly stated that his hardship was that he wanted to build a second house for his parents. That is a personal hardship and as earlier noted personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for he granting of a variance. The record is devoid of any evidence to support a finding that the retroactive application, of the regulation to the applicant's property is in any way unique and especially affecting his property or creating any "unnecessary hardship or practical difficulties particularly affecting the premises in question. The plaintiff purchased her property because she wanted to pursue horticulture and animal husbandry in a rural setting (a specific objective of the R-80 Rural Preservation District) and she relied on the Zoning Regulations to provide stability and reasonable certainty that she would be protected. To uphold the Board's granting of the variance would undermine this proper purpose of zoning and would be sanctioning the Board's impermissible intrusion into the legislative arena. With all due respect, therefore, it would appear that the Board endeavored to put its "shoulder to the applicant's wheel" and to proceed on issues not raised by the applicant in order to achieve the end result. This the Board may not do.
In conclusions the plaintiff is aggrieved because the owns land abutting the subject property. The defendant Larkin's application was complete and the ZBA acted properly when it considered the application, notwithstanding Mr. Larkin's failure to include a sketch with the application. The ZBA's notice of decision was adequate, and the ZBA had sufficient evidence CT Page 8685 before it to conclude that the variance would not substantially affect the comprehensive plan. However, neither the applicant's I claim of hardship, nor the hardship suggested by the board is a legally sufficient hardship and the appeal is therefore sustained.
Austin, J.