[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I CT Page 9070
This is an appeal from a decision of the Zoning Board of Appeals of the city of Meriden (hereinafter the Board) whereby the Board granted the application of Central Connecticut Wholesalers, Inc. for a variance for property located at 338 Center Street, Meriden, Connecticut, owned by Sandra Arnold.
The application was dated September 12, 1991 and states the following for variance requests:
 Applicant seeks variance in order to replace existing structure which has been damaged by fire with a new structure to house wholesale tobacco, candy and paper goods business [sic] This business has been located on this property for several years in a building which also housed two family units. The proposed new structure would replace the existing damaged structure as well as the storage garage on the premises. The residential use would be eliminated. Applicant also seeks variance of side yard requirements in the R-4 zone.
As to circumstances or the hardships, the applicant stated:
 The Applicant's property sustained substantial loss on May 25, 1991, by reason of a fire which now necessitates the demolition of the structure. The proposed rebuilding will actually reduce the uses on the property since the residential use will be eliminated. Parking for the business use, which was not previously available, will be created. There is no intensification of the use of the premises as Applicant's business has existed on this site for several years and will continue in the same manner if the variance is granted. Intensity will actually be reduced in that housing units will be eliminated.
The applicant also sought an elimination of side yard requirements of R-4 zone; however, this request was denied and is not the subject of this appeal.
CT Page 9071 On October 1, 1991, the Board held a public hearing on said application and granted the request as to the replacement of the existing structure.
The plaintiffs Kenneth V. Rosengrant and Rachael A. Rosengrant are owners of 340 Center Street, Meriden, Connecticut, which property abuts 338 Center Street, Meriden, Connecticut.
In their appeal from the Board's decision granting the variance, the plaintiffs claim that the Board acted illegally, arbitrarily and in abuse of its discretion in one or more of the following respects:
 a. In that the Defendant BOARD granted the request for variance in the absence of any showing by or on behalf of the Applicant or Owner that the Applicant or Owner would be deprived of the reasonable use of the land by reason of the existence of any exceptional difficulty or undue influence resulting from the strict application of the Zoning Regulations which the Defendant WHOLESALERS sought to vary;
 b. In that no showing was or could have been made by or on behalf of the Defendants of the existence of conditions especially affecting the land involved in the decision but not affecting generally the district in which said land is situated;
 c. In that the variance granted was not in harmony with the general purpose and intent of the Zoning Regulations and in violation of the Master Plan for the City of Meriden adopted August 14, 1985;
 d. In that the Defendant BOARD failed adequately to state upon its records the reasons for its decision as required by Section 8-7 of the Connecticut General Statutes;
 e. In that the Defendant BOARD failed to describe upon its records specifically the exceptional difficulty or unusual hardship upon which its decision was based as required by CT Page 9072 Section 8-7 of the Connecticut General Statutes;
 f. In that the decision of the Defendant BOARD expands a nonconforming use, to wit, commercial use in a residential zone.
 II
Aggrievement is a prerequisite to maintaining an appeal, Smith v. Planning Zoning Board, 203 Conn. 317.
The plaintiff, Kenneth V. Rosengrant, testified at a hearing held September 1, 1992, that he and Rachael A. Rosengrant are owners of 340 Center Street, Meriden, Connecticut. That 340 Center Street, Meriden, Connecticut is a single-family residence that abuts 338 Center Street, Meriden, Connecticut.
Based on the plaintiff's testimony, the court finds that the plaintiffs are statutorily aggrieved pursuant to 8-8(a) Connecticut General Statutes.
 III
The plaintiff has the burden of proof in challenging the Board's decision. Red Hill Coalition v. Conservation Commission, 212 Conn. 710, 718 (1989).
The court is only to determine whether the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 573 (1988). The court determines whether the record reasonably supports the conclusions reached by the Board. The decision will only be disturbed if it is found to have been illegal, arbitrary or in abuse of the Board's discretion. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440
(1979).
However, the Board must determine, in whether to grant a variance, that a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship. Garibaldi v. Zoning Board of Appeals,163 Conn. 235 (1972).
CT Page 9073 IV
The plaintiffs first contend that the applicant failed to establish evidence of any unusual difficulty or unreasonable hardship; namely that the applicant must show that the alleged hardship differs in kind from that generally affecting other properties in the same zoning district, Garibaldi, supra.
The plaintiffs refer to 8-6 Connecticut General Statutes, which provides in part that a zoning board of appeals shall have the power:
 To determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.
Our Supreme Court has held an applicant for a variance must establish that because of the peculiar characteristic of the property, the strict application of the Zoning regulations produces an unusual hardship as opposed to the general impact which the regulations has on other property in the zone. Berlani v. Zoning Board of Appeals, 160 Conn. 166 (1970).
In addition to the hardship stated in its application for a variance, the defendant stated at the public hearing of October 1, 1991 that the hardship is ". . . our business has been burned to the ground, and we do not currently have a structure."
In its application dated September 12, 1991, the defendant sought a variance as per section 450.1 of the Zoning Regulations.
Sections 450.1 and 450.2 of the Zoning Regulations state the following: CT Page 9074
 [450.1] The purpose of this district shall be to provide for a range of housing types with opportunity for appropriate nonresidential uses at a high density, commensurate with the scale and characteristics of the city's older neighborhoods; these are areas with access to major transportation arteries and a range of community services.
 [450.2] Permitted uses. No building or premises may be used, in whole or in part, for any purpose except those listed below:
 (1) [450.2.1] Permitted uses by right. (a) [1)] Single-, two and three-family dwellings. (b) [2)] Multiple-family dwellings. (c) [3)] Professional offices and buildings. (d) [4)] Home occupations, subject to the provisions of 213-15B(2)(f). (e) [5)] Municipal or public uses and buildings. (f) [6)] Public and private utility substations. (g) [7)] Real estate office. [Added 3-3-86]
It should be noted that a review of the record does not show that a prior variance was granted for the business in question. Also the defendant sought to eliminate the residential use for the proposed new building, which was proposed to be used entirely for a wholesaler tobacco, candy and paper good business.
In granting the variance, the Board, at its regular meeting held October 1, 1991, gave as its reasons the following:
 In the opinion of the Board the granting of this Variance would not materially impair the effectiveness of the Zoning Regulation as a whole, (nor) effect the intrinsic values of the neighborhood, (nor) would it be detrimental to the neighborhood or to the public welfare as far as hazards and nuisance are concerned, and is in harmony with the general purpose of the zoning regulation, and would result in substantial CT Page 9075 justice.
The plaintiffs call the court's attention to section 213-59C of the zoning regulations. Said section provides:
 C. [1220.3] No variance shall be granted on any allegation of hardship resulting from an act of the applicant subsequent to the adoption of this chapter, whether in violation of the provisions hereof or not. Before granting a variance on the basis of unusual difficulty or unreasonable hardship, there must be a finding by the Board of Appeals that all of the following conditions exist:
 (1) [1)] That if the owner complied with the provisions of these regulations, he would not be able to make any reasonable use of his property.
 (2) [2)] That the difficulties or hardship are peculiar to the property in questions in contrast with those of other properties in the same district.
 (3) [3)] That the hardship was not the result of the applicant's own action.
 (4) [4)] That the hardship is not merely financial or pecuniary.
In examining the record and specifically the reasons stated by the Board for granting the variance, the court is compelled to conclude that it is bereft of findings to be made in accordance with the Meriden zoning regulations. Also, the reasons given by the Board do not establish that the Board found that a legal hardship existed in accordance with the provisions of 8-6, Connecticut General Statutes.
The court also finds that the defendants failed to show adequate evidence of unusual difficulty or unreasonable hardship to justify the granting of a variance.
Therefore the court concludes that the plaintiffs have sustained their burden of proof that the defendant Board did not CT Page 9076 make the proper findings for the granting of the instant variance, nor did the defendant present sufficient evidence to establish a legal hardship.
Accordingly, the plaintiffs' appeal is hereby sustained.
Stengel, J.