[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, by the plaintiff from the denial by defendant Zoning Board of Appeals of the Town of Preston (the "defendant") of the plaintiff's request for lot size variances.
The record reveals the following facts. The plaintiff owns a 6.53 acre parcel of land in Preston which is the subject of this appeal. Six single-family dwellings are situated on six "lots" within the parcel. The "lots" do not have clear boundaries and do not conform to the regulations governing lots sizes. Each dwelling is served by a separate septic system and well. Five of the dwellings were built before the Town of Preston adopted zoning regulations and the sixth was built after the zoning regulations were adopted.
The plaintiff applied to the defendant for sixteen variances from the lot size regulations set forth in the Preston Zoning Regulations. The variances requested involved area reductions, rear yard reductions, front yard set backs, side yard set backs and frontage requirements.
After holding a public hearing during which both the plaintiff and his lawyer presented evidence and gave testimony in support of the requested variances, the defendant denied the plaintiff's request for the following reasons:
1) The Zoning Board of Appeals cannot CT Page 11379 grant variances for financial reasons; and
 2) Granting the variances would make the property more non-conforming.
I. AGGRIEVEMENT.
Aggrievement is a prerequisite to maintain an appeal. Smith v. Planning and Zoning Board, 203 Conn. 317,321 (1987). The owner of property subject to the zoning authority's decision is aggrieved. Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968).
Inasmuch as the plaintiff is the owner of the property which is the subject of the defendant's decision, the plaintiff is aggrieved for the purpose of this appeal.
II. VARIANCES.
The plaintiff bears the burden of proof to demonstrate that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
An "agency's factual and discretionary determinations are to be accorded considerable weight by the courts." Levinson v. Board of Chiropractic Examiners,211 Conn. 508, 521 (1989). "Conclusions reached by [a local board] must be upheld by the trial court if they are reasonably supported by the record. . . .The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 (1989).
A. Financial Hardship.
The defendant made a specific finding that it cannot grant variances based on financial hardships.
Plaintiff's counsel stated at the public hearing that the variances would make the parcel an approved subdivision and thus more marketable in the future. In his testimony, the plaintiff reiterated that he was requesting the variances so that the parcel of land would be more easily CT Page 11380 divisible between his grandchildren.
Financial hardship to the applicant is not a sufficient basis for granting a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239 (1972). The hardship must be to the property, not personal or financial. Id.
The defendant's decision with reference to financial hardship is reasonably supported by the record.
B. Increasing Non-conforming Uses.
Non-conforming uses should not be allowed to increase, but should instead be abolished or reduced to conformity as soon as possible. Adolphson v. Zoning Board of Appeals, supra, 710.
Section 19.2.1 of the Preston Zoning Regulations specifically provides that:
 No non-conforming use may be changed except to a conforming use, or, with the approval of the Zoning Board of Appeals, to another non-conforming use of a less objectionable character.
Although not every intensification of a non-conforming use constitutes an impermissible extension of such use, the owner does not have the right to substantially add to or change the prior use. Planning and Zoning Commission v. Craft, 12 Conn. App. 90, 96 (1987). "The legality of an extension of a nonconforming use is essentially a question of fact." Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 716 (1986).
If granted, the plaintiff's variances would create a subdivision of six non-conforming lots where there is currently only one parcel of land with six structures on non-conforming tracts of land. Based on these facts, the defendant's finding that the granting of the variances would increase the existing non-conformity of the subject property is reasonably supported by the record.
For the reasons stated above, the plaintiff's CT Page 11381 appeal is dismissed.
Hendel, J.