[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Facts
By complaint dated February 9, 1994 the plaintiff, Lucio DeLuco, has appealed the decision of the North Branford Zoning Board of Appeals which granted a variance to the defendant, John Bozzuto. Mr. Bozzuto had made application to the Zoning Board of Appeals for a variance from the requirements of Sec. 42.5.8.1 of the North Branford Zoning Regulations. That section requires that any building used in conjunction with a recycling operation in an industrial zone must be located at least 200 feet from the boundary of any adjoining residential zone. Mr. Bozzuto sought and obtained a variance to construct a building within 50 feet of an adjoining residential zone.
Mr. Bozzuto's property is affected by a 320 foot wide easement owned by Connecticut Light and Power Company which runs over a large portion of his 8.35 acre tract. That easement contains a covenant which prohibits the building of any structure within the easement and therefore would limit the possible location of the proposed structure to an area which would necessitate the requested 50 foot setback from the adjoining residential zone.
Mr. Bozzuto stated that he has conducted his business on the subject property since he bought the property in 1985. He also CT Page 12657 stated that he has two buildings on the property which he uses for a garage and office space. The recycling transfer activities which would be conducted in the proposed building are the same activities which presently occur outside using special containers. Mr. Bozzuto bought the property with full knowledge of the existence of the easement and the restrictive zoning regulation.
II. Aggrievement
The court finds that the plaintiff, Lucio DeLuco, owns property which adjoins the Bozzuto property and accordingly, the plaintiff is statutorily aggrieved.
III. Discussion
The plaintiff claims that the Zoning Board of Appeals acted arbitrarily, capriciously and in abuse of its discretion by granting the variance without evidence of the criteria necessary for the granting of a variance. The plaintiff further claims that the North Branford Zoning Board of Appeals acted improperly in failing to inform an adjoining municipality of the pending application in accordance with statutorily prescribed procedures.
The basic enabling legislation for the granting of a variance is set forth in 8-6 (3) of the General Statutes. This basic provision has been frequently expanded upon by various court decisions. For the purpose of the present appeal, the variance will be sustained as a substantive matter if the court concludes (1) that a hardship exists with regard to the parcel for which the variance is sought; (2) that the conditions that the variance seeks to relieve involve an individual parcel of land and not an entire zoning district; (3) the variance once granted will maintain the purpose and intent of the town's zoning regulations; and (4) that the hardship is not self-created.
Because the court holds that no hardship has been demonstrated, and further, that to the extent there is a hardship, the hardship is self-created, the court need not examine the question whether the variance will maintain the purpose and intent of the town's zoning regulations. Nor is it necessary for the court to make a finding on whether adequate notice was given to the adjoining municipality. The court does observe that as a general matter failure to give notice to an adjoining municipality may be raised only by that municipality and it is not a subject matter defect which may be raised by another appellant. CT Page 12658
The court finds that the hardship in this case is self-created. The record is clear that both the zoning regulation and the easement predate Mr. Bozzuto's acquisition of the property. The Supreme Court has held, in Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445 (1991):
 "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance. . . and arises directly out of the application of the ordinance to the circumstances or conditions beyond the control of the party involved. . . . Where the claimed hardship arises from the applicant's voluntary act however a zoning board lacks the power to grant a variance." [citations omitted]
Of equal, if not greater, importance is the court's holding that there is no demonstration of a hardship sufficient to support a variance in the instant case. It is clear that Mr. Bozzuto presently has some buildings on the property. It is clear that he is using the property for his recycling business. An examination of the North Branford Zoning Regulations shows that this I-2 zone permits three uses as of right, two uses with additional standards including Mr. Bozzuto's proposed use, sixteen uses requiring some form of site plan approval, eleven uses requiring a special permit, and thirty-four uses not permitted in this zone under any circumstances.
The information in the return of record would appear to support a finding that certainly uses A-3, professional or business office, and A-4, home office occupation, could be built as of right in this zone. As a result, although the court recognizes that there is a limitation on Mr. Bozzuto's land because of the power easement which is not found in the zone generally, it appears that without a variance Mr; Bozzuto can continue his recycling operation, admittedly with less buildings than he desires. Mr. Bozzuto has two other uses as of right available to him, and, in all probability, has some of the site plan uses or special permit uses available to him. Given the alternatives available to the applicant, there simply is an insufficient showing of hardship to warrant the granting of a variance under these circumstances. Mr. Bozzuto's situation is similar to the situation faced by the applicant in Garibaldi v. Zoning Board of Appeals of the City ofCT Page 12659Norwalk, 163 Conn. 235 (1972). In that case the defendants were ousted from their package store in Norwalk by the State Highway Commission's condemnation proceedings. They constructed a new package store within 200 feet of a second package store and applied for and were granted a variance on the grounds of hardship. The hardship variance concerned the Norwalk restriction against the establishment of a retail liquor outlet within 1000 feet of an existing outlet. In reversing the Norwalk grant of variance, the Supreme Court held:
 "Among the plaintiff's assignments of error is the claim that the trial court erred in concluding that the requisite legal hardship existed to permit a variance of the zoning regulations. It is their claim that under Sec. 8-6 of the General Statutes and the decisions of this court a variance is properly granted only where there is a showing before the zoning board of appeals that the hardship caused by the application of zoning regulations relates to the property for which the variance is sought and not to the personal hardship of the owners thereof. We agree with the merits of this contention and find it decisive on this appeal." At 238.
Just as the problem faced by the defendant in Garibaldi was not that they could not use the property for any purpose but only that they could not use it for a package store without a variance, so the problem faced by Mr. Bozzuto in the instant case is not that he does not have reasonable uses of the property without a variance, but that he cannot build the particular building which he wishes for his recycling operation. As the court stated in Kaeser,
at page 446, so this court concludes:
 "There is simply not the factual predicate within this record to support the ZBA's granting of a variance."
The court further notes, both from the return of record, the transcript and the briefs, that the ZBA appears to have believed not so much that Mr. Bozzuto had a hardship as that the variance would make his operation less offensive to the neighbors than the absence of the variance. While the court does not doubt that this was a sincere belief of the members of the ZBA, the neighbors, both CT Page 12660 in the transcript and at trial, appear not to share the belief. Of perhaps more importance is the fact that variances may not be granted simply because they will improve a situation. As a general rule they may only be granted when the requirements of the statute and the necessary hardship, without self-creation, is present. The only situation with which the court is familiar where relative harm may have merit in considering a variance, is demonstrated byAdolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988). InAdolphson the property in question had been used as a nonconforming aluminum casting factory located in an industrial zone. The factory appears to have operated from 1953 until its sale in April of 1985. The 1985 purchaser filed for three variances with the ultimate purpose of changing the use of the property from a foundry/factory to an automobile repair shop. The automobile repair shop was admittedly prohibited in the zone as was the nonconforming foundry. Notwithstanding a claim that the hardship was known and self-created, the Supreme Court approved the variance. The Supreme Court approved the variance in the following language:
 "We recognize that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit — In no case should they be allowed to increase. . . . We reiterate that the unchallenged finding of the trial court that `the proposed use for the subject property operating under current regulations as to air pollution and the like would be far less offensive to the surrounding residents than a factory.'" Adolphson at 710.
This court has two problems in applying the Adolphson
rationale to the case under consideration. First, it is not clear as a factual matter that Mr. Bozzuto's proposed use is less offensive to surrounding property owners than the existing use. However, the court would concede that that is probably a factual determination best left to the local zoning authority. The greater problem is that Adolphson is a nonconforming use case and there is no claim of nonconforming use in the present case. It is true that Mr. Bozzuto has an ongoing operation but there is no indication that that operation is nonconforming. Rather, it appears to be entirely conforming with the North Branford regulation so long as no additional buildings are built. The gravamen of the Adolphson
case is that when saddled with a nonconforming use, it may be CT Page 12661 possible to allow a variance without a strict showing of hardship when that variance will ameliorate the nonconforming use. When, as in the instant case, the existing use is conforming, there is no basis for an argument that a variance may be granted without a showing of non-self-created hardship.
For the foregoing reasons, the appeal of the plaintiff, Lucio DeLuco, is sustained and the decision of the defendant Zoning Board of Appeals in granting the variance is declared null and void.
BY THE COURT
Kevin E. Booth, Judge