[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Kenneth C. Burkamp appeals the decision of the defendant Manchester zoning board of appeals granting a variance of the application of Article IV, Section 8.05(5) of the town's zoning regulations to defendant SanDan LLC. The defendant board acted pursuant to Article V, Section 5.01.04, of the regulations and General CT Page 2285 Statutes § 8-6. The plaintiff appeals pursuant to § 8-8. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Defendant SanDan LLC is the lessee of commercial property located at 841 Main Street in Manchester. The property is owned by another limited liability company, 841 Associates LLC. Prior to occupancy by SanDan, the property was leased by a local political party as its headquarters.
The property in question is in a business zone subject to Article IV, Section 8.05(5) of the Manchester zoning regulations. That regulation requires a minimum distance of one thousand feet between premises occupied by businesses as cafes under cafe permits issued by the state department of consumer protection. At all relevant times, the plaintiff in this case has held a cafe permit and operated a cafe within one thousand feet of SanDan's property. In fact, the parties agree that the plaintiff's property is within one hundred feet of the subject property.
After leasing the property in question, defendant SanDan applied to the defendant board for a variance from the restrictions imposed by the regulation, requesting permission to establish a cafe on the premises notwithstanding its proximity to the existing cafe operated by the plaintiff. In its application, SanDan conceded that the zoning regulations would allow it to operate a restaurant on the premises with a restaurant liquor permit, as distinguished from a cafe, without a variance. SanDan needed the variance, it claimed, because "the premises are too small to be altered in such a way as to qualify for a restaurant permit under liquor control regulations." That is the only hardship cited as justification for the variance.
Article V, Section 5.01.07 of the zoning regulations requires applicants for variances to furnish all the data indicated on a form provided by the board. That form requires the applicant to list the names and mailing addresses of owners of property bounding on the subject property and "including that property directly across the CT Page 2286 street." The southwest corner of the plaintiff's property is directly across the street, Purnell Place, from the northeast corner of the subject property. Although SanDan listed several nearby owners on its application, it did not list the plaintiff.
The regulations do not require that the board or the applicant give special notice to those nearby owners listed on the application for variance. Nevertheless, it is the practice of the board to mail individual notices of the hearing to them, in addition to the regular publication of notice in accordance with General Statutes § 8-7. The board did not mail an individual notice to the plaintiff, presumably because SanDan did not include the plaintiff's name in the list.
The board did publish notice of the hearing on the variance in accordance with the statute. The board convened the hearing on October 28, 1996. The plaintiff was not present. Counsel for SanDan appeared, but no witnesses for SanDan were present. Counsel for SanDan presented some evidence, including a floor plan of the premises in question. That plan, which is part of the record, indicates that the premises contain an area 120' by 26' and that there is space for rest rooms, a kitchen, a bar, a lounge and an open area.
Counsel for SanDan stated at the hearing that in order to obtain a restaurant liquor permit, which would obviate the need for a variance, SanDan would have to make modifications in the floor plan, erecting some walls, that "would totally destroy the cafe type atmosphere. . . . So that our hardship here is the fact that, although we could get a restaurant permit without a variance, we can't really operate the business that we want to operate under the restaurant permit."
Following the hearing, the board voted to grant the variance "due to the present size and configuration of the interior of this location." The board confirmed this decision in a letter to SanDan and published notice of its decision as required by statute. The effect of the variance is to allow the establishment of a cafe within one thousand feet of the plaintiff's existing cafe in contravention of the zoning regulation. CT Page 2287
The plaintiff is statutorily aggrieved by reason of the fact that his property is within one hundred feet of the property which is the subject of this appeal. See General Statutes § 8-8 (a)(1).
The plaintiff advances essentially two arguments in support of his appeal: (1) that the board lacked jurisdiction to consider the application for the variance because no individual notice of the hearing was sent to the plaintiff; and (2) that SanDan failed to establish legal hardship sufficient to justify the variance.
In Garibaldi v. Zoning Board of Appeals,163 Conn. 235 (1972), as in the present case, the defendants acquired property within the prohibited distance from another liquor licensee and then obtained a variance from the application of the rule, claiming as a hardship the loss of a business opportunity. In overturning the variance, the court held
 [A] variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. . . . Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance. . . . Hardships in such instances as these do not arise from the application of zoning regulations, per se, but from zoning requirements coupled with an individual's personal needs, preferences and circumstances. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance. Id., 239.
In the present case, the record is devoid of any evidence of hardship that would justify the granting of CT Page 2288 a variance. The fact that SanDan would prefer to conduct a cafe business that is prohibited by the zoning regulations, rather than a restaurant business that is permissible, is plainly no justification for a variance. If it were, the exceptions to the regulations would soon swallow the rule, and "the whole fabric of town- and city-wide zoning will be worn through in spots and raveled at the edges until its purpose in protecting the property values and securing the orderly development of the community is completely thwarted." Pleasant ViewFarms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 270-271 (1991).
Nor is the cost of modifying the floor plan so as to accommodate the operation of a restaurant a hardship that would justify a variance. "Financial considerations are relevant only in those exceptional circumstances where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect."Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369
(1988). There is no evidence in the record, nor is there even a claim by SanDan, that the cafe prohibition destroys the value of the property for any other commercial use. Indeed, statements by SanDan's counsel at the hearing establish quite the opposite.
"[T]he power to grant variances from the strict application of zoning ordinances should be carefully and sparingly exercised." Pleasant View Farms Development,Inc. v. ZBA, supra 218 Conn. 270. The defendant board in this case was not justified in granting the variance to SanDan. For that reason, plaintiff Burkamp's appeal must be sustained.
The court's decision sustaining the appeal on the basis that no adequate, legal hardship was shown makes it unnecessary to address the plaintiff's argument concerning failure of notice of the hearing.
The appeal is sustained. CT Page 2289
MALONEY, J.