[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2995
Plaintiff Walter Rutkiewicz appeals the decision of the defendant zoning board of appeals denying his application for variances of the zoning regulations as they pertain to property owned by him in Enfield. The board acted pursuant to Conn. Gen. Stats. sec. 8-6. The plaintiff appeals pursuant to sec. 8-8. The court finds the issues in favor of the defendant board.
The plaintiff owns the property which is the subject of this appeal, located on Enfield Street in an historic residential zone. There are two residential buildings on the property and a large barn, which has been partially modified to serve as a garage for four vehicles.
The plaintiff has done some construction work on the barn building with the object converting it into a residential building. In order to use the converted barn for residential purposes, he would need to subdivide the property, and this, in turn, would require that he obtain variances of frontage, sideyard and lot area regulations.
On February 18, 1998, he applied for the variances. A public hearing was held on April 27, 1998, and following deliberations on May 26 and June 29, 1998, the defendant board denied the applications, holding that the plaintiff had not shown the requisite legal hardship.
The plaintiff brought this appeal in July 1998. He requested and was granted permission by the court to file his brief in February 2000. The defendant board filed its brief, upon request and permission of the court, in July 2000. The court heard oral argument on the appeal on January 18, 2001.
The court finds that the plaintiff is the owner of the property which is the subject of the board's decision. He is, therefore, aggrieved and has standing to appeal.
The plaintiff asserts essentially three arguments in support of his appeal: 1) that there is evidence in the record to establish sufficient hardship to justify granting the variances; 2) that the town planner, on the staff of the board but not an elected member, improperly participated in the June 29, 1998, meeting of the board; and 3) that the board never took final action on the plaintiff's applications.
 Hardship
In his brief to the court in support of this appeal, the plaintiff CT Page 2996 argues that hardship was caused by condemnation of most of the farm property of which the lot in question was a part, resulting in the present lot size and shape. The problem was exacerbated, he claims, y the town's rezoning of the area to a historic district sometime during the 1980's. The restrictions resulting from these governmental actions create the current hardship, he argues, by preventing him from maximizing the use of his property; that is, he is unable to transform the barn building into rental income producing property unless he obtains the variances and the subdivision. This argument may not be sustained.
 [A] variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239 (1972).
The hardship envisioned by the plaintiff is plainly the inability to realize maximum financial gain from the use of his property. Although this is undoubtedly a significant loss for him, it does not rise to the level of legal hardship sufficient to justify the granting of a variance of the zoning regulations. "Financial considerations are relevant only in those exceptional circumstances where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." Grillo v.Zoning Board of Appeals, 206 Conn. 362, 369 (1988). In the present case, it is undisputed that the plaintiff already is using the property to produce rental income from two residential units and is using the barn building for the storage of vehicles. The fact that he cannot expand the use of the barn building to produce more rental income under present zoning regulations is not the kind of hardship that the law recognizes as justifying a variance of those regulations.
 Participation of Town Planner
This claim relates to the presence of and participation by the town planner at the meeting of the defendant board on June 29, 1998, the meeting at which the board voted to deny the plaintiff's application for the variances.
The court has reviewed the record of the meeting in question, and there CT Page 2997 is no dispute that Robert Burke, the town planner, was present and actively participated in the discussion of the plaintiff's application. The record plainly indicates that he was not in favor of granting the application and made his views known to the voting members. It is equally plain, however, that he was acting in his official capacity as a member of the town's professional staff. Such staff members, who are neutral employees of the town, are expected to provide advice and assistance to members of boards and commissions. Spero v. Zoning Board of Apneals,217 Conn. 435, 444-445 (1991). This is not a case where a party to the controversy makes an improper ex parte communication to a board member; see Blaker v. Planning Zoning Commission, 212 Conn. 471 (1989), cited by the plaintiff. The plaintiff's arguments on this issue may not be sustained.
 Finality of Decision
This issue arises from the circumstances of the votes taken at the board's meeting on June 29, 1998. After discussing the plaintiff's application briefly, there was a motion to approve. This failed to pass, 0 to 5 opposed, thereby denying the application. Next, a board member moved to re-open the question, and this motion passed. The stated purpose of the member making that motion was to change the board's action from one denying the application to one that granted it with conditions. The motion to re-open the question passed, 5 to 0. Next, a board member moved to grant the application with certain conditions not relevant here. The motion was seconded.
There was then considerable discussion of the new motion to approve with conditions. A review of the record indicates that the members determined that the motion should not pass because they believed that the plaintiff was already enjoying reasonable use of his land and that there was insufficient hardship shown that would justify granting the variances. At the suggestion of the chairperson, they determined that the movant and second of the motion to approve with conditions should withdraw that motion. The chairperson stated that "if you withdraw, the motion never took place and the original motion as voted on stands." (Emphasis added.) The movant and second then stated that the motion to approve with conditions was withdrawn. No further action with respect to the application was taken.
The plaintiff contends that the result of the actions summarized above was to leave the application for the variances in limbo. He argues that when the last motion to approve with conditions was withdrawn, the question was then still open as a result of the vote to re-open that immediately preceded the withdrawn motion. At first glance, this interpretation of the situation is appealing. But the court concludes CT Page 2998 that it may not be adopted. The obvious intent of the board was to revalidate its original unanimous decision to deny the application. That is apparent from the discussions transcribed in the record and, most especially, from the actions of the movant and second of the last motion in the context of the chairperson's statement that the "original motion as voted on (would) stand[s]" if they withdrew their motion. In short, the court concludes on the basis of the record that the board did take action at its meeting on June 29, 1998 and that the action was to deny the plaintiff's application for. variances.
The plaintiff's argument on this issue is essentially addressed to the court's discretion inasmuch as he concedes that the application does not become automatically approved by operation of law after the passage of time. In view of the court's conclusion regarding the action of the board at its June 29, 1998, meeting, the court declines to sustain the plaintiff's position on the issue.
For all of the foregoing reasons, the appeal is dismissed.
Maloney, J.