JOHNNY CAKE, INC. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BURLINGTON ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued December 6, 1979—decision released April 22, 1980

*Ernest A. Inglis, Jr.,* for the appellant (named defendant).

*Vincent J. Dowling,* with whom, on the brief, were *Louis B. Blumenfeld* and *Vincent M. DeAngelo,* for the appellants (defendants Hartford Roman Catholic Diocesan Corporation and its tenant St. Thomas Seminary).

*Michael D. O'Connell,* with whom, on the brief, was *James T. Flaherty,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff appealed to the Court of Common Pleas pursuant to General Statutes § 8-8 as an abutting landowner aggrieved by the action of the defendant zoning board granting an application for several variances from the Burlington zoning ordinances. The court sustained the plaintiff's appeal. Upon the granting of certification, the defendants appealed to this court.

The land in question is a 100 foot by 100 foot parcel set back 100 feet from Johnny Cake Mountain Road with access to the road over a 20 foot by 100 foot strip. Except for the frontage on the road, the parcel is surrounded on all sides by property owned by the plaintiff Johnny Cake, Inc. (hereinafter Johnny Cake). For many years, the state of Connecticut owned the land and used it to operate a 60 foot high wooden fire watch tower. Both properties, that of Johnny Cake and that of the state, were located in a residence "A" zone as defined by the regulations of the town planning and zoning commission. The residence "A" zone required a 150 foot lot width, a 60 foot rear yard and a 35 foot front yard.

On October 22, 1973, the state conveyed the parcel to the defendant Hartford Roman Catholic Arch-

diocesan Corporation (hereinafter the Archdiocese). On December 7, 1973, the defendant St. Thomas Seminary (hereinafter the Seminary), as tenant, applied to the zoning board of appeals for four variances. The requested variances sought relief from the 60 foot rear yard requirement, the 1050 square foot minimum building area requirement and two use restrictions so as to allow construction of a 75 foot high radio antenna mast in place of the fire watch tower, along with a 204 square foot radio transmitter building. In its application for the variances, the Seminary claimed the following hardships: "The premises now contain an obsolete nonconforming fire tower, which is not suitable for an F.M. Radio Antenna Mast desired by applicant. Applicants' lot is 100 feet by 100 feet in size, nonconforming, and cannot be built on without variances, since the zone requirement requires a 60 foot rear yard, a 35 foot front yard, two 25 foot side yards, leaving an area of 5 feet by 50 feet which can be built on without variances." A hearing on the application was held by the zoning board of appeals and on January 30, 1974, the board granted the variances. Johnny Cake, as an abutting landowner, appealed to the Court of Common Pleas.

The court sustained the appeal and rendered judgment for Johnny Cake on the grounds that the hardship claimed by the defendants was self-created. Although the court recognized that the board was empowered to exercise liberal discretion in determining whether to grant the variance; *Bora* v. *Zoning Board of Appeals,* 161 Conn. 297, 299, 288 A.2d 89 (1971); the court regarded the defendants' purchase and lease of the parcel, in view of the use intended, as a self-inflicted or self-created hardship

which could never be considered proper grounds for a variance. The court held that *Abel* v. *Zoning Board of Appeals,* 172 Conn. 286, 374 A.2d 227 (1977), was dispositive. There we said that "where the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance." Id., 289.

The defendants assign four errors, all of them attacking the Court of Common Pleas' application of *Abel* v. *Zoning Board of Appeals,* supra, to this case. Since this is the sole issue presented on appeal, the errors assigned will be considered together.

In *Abel,* the purchaser of a .704 acre lot in the city of Norwalk applied for a variance from the one-acre area requirement mandated by the ordinance's "AAA" residential zone classification where the lot was located. The applicant requested the variance in 1973, six months after he had purchased the lot, in order to obtain permission to construct a dwelling. Upon examination of the manner in which the applicant had obtained title to the lot, however, the court observed that it had been created in 1961 as the remains of a subdivision which had yielded five separate building lots of one acre each and a sixth area designated on the recorded map as follows: "(Reserve) Area = .704 Acre This area is not to be constituted as a building lot but to be used as a park reserve for Sisters of Saint Thomas of Villanova (across the street.)" These were the terms of the subdivision plan as approved by the Norwalk planning commission in 1961. Yet the board granted the variance and its decision was upheld by the Court of Common Pleas. On an

appeal to this court brought by the abutting landowners, we agreed with the appellants' assertion that the hardship found by the board had been voluntarily assumed by the applicant and could not constitute grounds for the grant of a variance. "[W]here the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance." *Abel* v. *Zoning Board of Appeals,* supra, 289.

On its face the broad rule stated in *Abel* would appear dispositive of this appeal. But review of the precedent underlying the rule reveals that it is not. There has always existed a distinction between circumstances such as those in *Abel,* where the applicant or his predecessor in interest creates a hardship such as an undersized lot, and a situation where the hardship which would justify the grant of a variance originates in the zoning ordinance itself. "Where a nonconformity exists, it is a vested right which adheres to the land itself. 'And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use.' 1 Anderson, American Law of Zoning (2d Ed.) § 6.37, p. 445." *Petruzzi* v. *Zoning Board of Appeals,* 176 Conn. 479, 483, 408 A.2d 243 (1979). Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. *Abel* v. *Zoning Board of Appeals,* supra; *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 239, 303 A.2d 743 (1972); *Highland Park, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 40, 43, 229 A.2d 356 (1967). But if the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is sup-

ported in law, to obtain the variance. *Petruzzi* v. *Zoning Board of Appeals,* supra. Otherwise the zoning ordinance could be unjust and confiscatory.

The state owned the 12,000 square foot parcel and used it to operate a fire watch tower since 1929. The town of Burlington's first zoning ordinance was not adopted until 1958. The hardship created for the owners of the lot was imposed by the ordinance's subsequent classification of the area which included the tiny parcel as an "A" residence district.

The trial court was in error in its interpretation of *Abel* v. *Zoning Board of Appeals,* supra. The record of the appeal to the court included the zoning regulations. It is clear that § 10 of the regulations does not allow the extension of a nonconforming use. Whether a permitted use of the lot could be made, with or without a variance, cannot be determined. See *Florentine* v. *Darien,* 142 Conn. 415, 428, 115 A.2d 328 (1955). If such use can be made, the defendant board of appeals had no power to extend the nonconforming use.

On the basis of the record before the trial court, the court was not in error in sustaining the appeal. Where the trial court reaches a correct decision on incorrect grounds, that decision will be sustained if correct grounds exist to support it. *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 588, 418 A.2d 939 (1979); *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978).

There is no error.

In this opinion the other judges concurred.