[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the North Haven Zoning Board of Appeals denying the plaintiffs' application for a variance. The plaintiffs sought a variance of Sec. 3.3 of the town's zoning regulations. This section requires that any building lot have at least 50 feet fronting on an approved street. The parcel owned by the plaintiffs has no such frontage and is about 350 feet from the nearest town road, Salem Road, on a private road.
There are presently four houses which front on the unimproved, one lane, private road, title to which is in the defendant Greenberg. Maraldene Drive, as this private road is called, provides access to Salem Road for the four houses and serves as an access road to the rear of three other properties those of the defendants Greenberg, Griffin, and Whitfield. The parcel in question abuts a portion of the Greenberg property at a point where Maraldene Drive ends.
The board denied the variance requested for these reasons:
"1. There is no legal hardship.
2. The lack of street frontage would a) over burden the existing right of way, and b) would not promote the safety, and c) better interests of the residents of Maraldene Drive.
3. This variance would not be in harmony with the purpose and intent of the zoning regulations." CT Page 1686
 I
The court finds the plaintiffs are the owners of the parcel in question and are therefore aggrieved as a matter of law.
 II
On the issue of hardship, the plaintiffs claim the application of the zoning regulations serves to render the parcel in question useless — i.e., they are prohibited from building a house on it. The defendants note that the plaintiffs' residence is on an adjacent parcel and this parcel could be used in several ways in conjunction with their residence. The defendants also contend that the plaintiffs created their own alleged hardship and cannot obtain a variance to rectify their acts or the acts of their predecessors in title.
On the subject of "self-inflicted hardship," a leading treatise on zoning states:
 The "[d]ivision of property in such fashion as to leave part in nonconformity with minimum lot size, width, or frontage provisions is a common occurrence, and, on application for a variance for the lot thus rendered substandard, the hardship arising from inability to put the substandard lot to use is usually considered self-created." 3 Rathkopf, The Law of Zoning and Planning, 38.06 at p. 30-71 (4th ed.).
And elaborating upon the need for the hardship to be caused by the ordinance, the author notes:
 "(i)f the conditions affecting the property have been caused or created by the property owner or his predecessors in title, the essential basis of a variance, that the hardship be caused solely through the manner of operation of the ordinance upon the particular property, is lacking. In such a case, a variance should not be granted because the hardship will be regarded as having been self-created thus barring relief. 3 Rathkopf, The Law of Zoning and Planning, 38.06, p. 38-68 (4th ed.), emphasis added.
Connecticut cases are in agreement with the proposition that when the applicant or his predecessor in title creates a non conformity, the board lacks the power to grant a variance. Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300 (1980). CT Page 1687
An examination of the record on appeal indicates that the lots on Maraldene Drive, and in particular the parcel in question, do not pre-date zoning. North Haven had zoning regulations in 1938 and subdivision regulations in 1948. The latter prohibited building on this lot. Prior to the plaintiffs' purchase of this parcel, the 1960 zoning regulations went into effect and reaffirmed the zoning policy as to building on private roads. The subject parcel remained in nonconformance with this revision.
Further, the defendants argue that Maraldene Drive cannot be made into a conforming private road or into an accepted street because of prior actions of these plaintiffs.
In prior litigation, these plaintiffs, acting in concert with some of the present defendants, sued the defendant Greenberg. In a stipulated judgment, Greenberg quitclaimed the real property he owned bordering on Maraldene Drive to the adjoining property owners. The plaintiffs received two slivers of land, one on either side of the 12 foot right-of-way which Greenberg retained and which is now the "private road" known as Maraldene Drive. Thus, the plaintiffs guaranteed that the private road could not be widened to satisfy another zoning code section which requires that an access strip to a town road be not less than 25 feet wide. Prior to this litigation, the defendant Greenberg owned in excess of 25 feet for the length of Maraldene Drive.
Therefore, the Zoning Board of Appeals was justified in concluding that there was no hardship. "The hardship complained of must arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." McMahon v. Board of Zoning Appeals, 140 Conn. 433, 442
(1953). And, the hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance. Bove v. Zoning Board of Appeals, 144 Conn. 719,722 (1957).
 III
In an appeal from a decision of an administrative agency, the court's function is to determine whether the conclusions reached are reasonably supported by the record. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49 and 51 (1984). It is well settled that a court is not to substitute its judgment for that of the board. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654
(1980). The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. Feinson v. Conservation Commission,180 Conn. 421, 425 (1980).
In this case, the board heard from the owners of adjacent CT Page 1688 properties on Maraldene Drive and the board members visited the area. The property owners objected to the variance, claiming it was "over-crowded" at present. The zoning code permits only c single house on an access strip of not less than 25 feet in width and which does not exceed 150 feet in length.
Maraldene Drive exceeds 150 feet in length and four of the five affected property owners (excluding the applicants) stated their opposition to "over-crowding" the 12 foot right-of-way
The court cannot say, therefore, that the board could not have concluded that granting this variance would overburden the right-of-way.
Similarly, the plaintiffs' claims in opposition to the board's conclusions that granting the variance would not promote the "safety and better interests of the residents of Maraldene Drive" require this court to substitute its discretion for that of the board.
The board was required to consider the public safety, convenience, welfare and property values by 8-6 (3) of the Conn. General Statutes. It had information from two town officials (Return, Exhibits F-3 and F-4). It also heard from a property owner, Mr. DeFilippo, describing the road as narrow, one-lane, lacking sidewalks, parking, street lights, and a turnaround. This witness also expressed concern for property values if the road were used more.
In the prior litigation involving many of these same parties, their Stipulation for Judgment (Return, Exhibit K) to which the plaintiffs were signatories, states concern over use of the road by the present defendant Greenberg and the fear that it would "adversely impact their life-style and the value of their property," if Greenberg ever increased the use of his estate at all.
The court concludes that the board had before it sufficient evidence from which it could formulate its conclusions as to "safety and better interests," of the residents.
 IV
As to the board's final reason for denying the variance, that conclusion is well supported by the record. The plaintiffs' variance request would entail a reduction from the 50 foot minimum to zero. (Though not mentioned in their application, a careful reading of the zoning regulations would suggest at least two other requirements which the plaintiffs did not address in their application for a variance).
The requirement is not unique or unusual and is common in towns and cities where past experience has been that building on unaccepted roads or private roads without adequate access to an accepted street creates a variety of problems for the property owners and the municipality.
The board is justified in its conclusion that the variance would not be in harmony with the purpose and intent of the zoning regulations.
The plaintiffs also claim that they have a right to have the parcel in question treated as a separate lot. In this connection, they have offered a separate tax bill showing it is assessed separately from the parcel on which their house stands. They rely on Schultz v. Zoning Board of Appeals, 144 Conn. 332, especially p. 337, to support their position.
The facts in that case are distinguishable from this case and the plaintiffs' reliance on a portion of the decision in which the court refers to reasons advanced by the board and to a reason advanced by the trial court is misplaced.
In brief, ownership of a parcel of land as a "separate lot" does not give it status that precludes application of zoning laws. The plaintiffs have not proved this parcel was legally created or that it preceeded zoning. Further, they have not proved that this condition was peculiarly a function of zoning as opposed to the acts of their predecessors in title.
Conclusion
The decision of the defendant North Haven Zoning Board of Appeals is sustained and the plaintiffs' appeal is dismissed.
ANTHONY V. DeMAYO, JUDGE.
CT Page 1689