[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal by adjoining property owners from a decision of the Shelton Zoning Board of Appeals on August 20, 1992 granting defendant applicants a variance of the "square on lot" requirement to construct a single family residence on property known as 25 Dartmouth Drive in Shelton, Connecticut.
The court finds that plaintiffs are aggrieved and have standing to appeal this decision as adjoining property owners. Connecticut General Statutes 8-8(a)(1), (b); Smith v. Planning and Zoning Board, 203 Conn. 317 (1987).
The facts of this case can best be described by reference to three exhibits. Defendants' Exhibit 1 is the original subdivision known as "Ivy Acres", which was established in 1972. Plaintiffs are the owners of lot 46; the defendant applicants are the owners of the combined area of lots 44 and 45.
In 1978 defendant owners' predecessor in title merged lots 44 and 45 into a single lot thereafter known as lot 44 and constructed a single family home thereon. See "Plot Plan", Record #G. Defendants purchased this property and reside in this home.
If the lot line had not been eliminated by the merger, the home would have violated the setback requirements of the Shelton Zoning Regulations, since it is too close to the former lot line.
Defendant owners now propose to redivide their property and create a building lot for a single family home on what will now be CT Page 8925 known as lot 45A. In doing so, they have redrawn the dividing line so as to correct the setback deficiency of their dwelling. As a result, by moving the lot line 15 feet, the new proposed building lot can only accommodate a 135 square on map, rather than the 150 square which could have been accommodated under the original subdivision plan. Since the proposed lot meets all other setback, area and frontage requirements, the change in lot line does not alter the position of the dwelling on the lot and this is the only variance required. All parties agree that there is a cliff or ledge in the area of the property line between former lots 45 and 44. The new lot, proposed dwelling, topography and new lot line are shown on the map entitled "Sanitary and Grading Plan", Record #H.
In approving the variance, defendant Shelton Zoning Board of Appeals determined that the variance was minor, that the use of the land was reasonable, that the nature of the variance, the "square on lot requirement", together with the topography, rock formation and de minimis nature of the variance did present a hardship to applicants, and that the variance was in accordance with the public health, safety, welfare and property values of the area. The Board stipulated that the approval was contingent upon the owners accepting the stipulation that no further variances or encroachments would be applied for on that lot in the future. See Supplemental Return of Record #A, Minutes, p. 217.
The critical issue in this case is whether or not there exists a hardship sufficient to sustain this decision of the Board. Obviously, the topography is not the hardship which requires variance of the square on lot dimensions since a square on lot is a two dimensional figure having nothing to do with the slope of the land. Any hardship that exists in this case is a result of the prior merger of the two lots and placement of the dwelling unit near the center of the merged lots, which prevented the merged lot from being again divided back into two building lots without obtaining a variance for one of the lots.
The Zoning Board of Appeals is correct that the variance here is de minimis, since the placement of the house would not change if the variance were not granted but the original line were reimposed. Further, the placement of this line, which falls on a cliff, has little practical effect on any one but the defendant owners. In the three-dimensional real world, the line will fall somewhere up or down the cliff on defendants' property.
However, the de minimis nature of the variance does not CT Page 8926 alleviate the necessity of establishing hardship in granting a variance. To vary the requirements of the zoning laws, the Board of Appeal, meeting all the other requirements met here, can only do so where "owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . ." Conn. Gen. Stat. 8-6(3).
Here, as stated previously, any hardship was created not by the topography but by the prior owner when he merged the lots and constructed the dwelling in its present location too close to the former lot line.
Plaintiffs argue that where the applicant or his predecessor in title creates a nonconformity, the Board lacks power to create a variance. See Pollard v. Zoning Board of Appeals, 186 Conn. 32,40 (1982) quoting from Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300 (1980). Defendants argue that when the hardship involved "arises as the result of a voluntary act by one other than the one whom the variance will benefit, the Board may, in the sound exercise of its liberal discretion, grant the variance." Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384
(1967).
The court finds that the decision in Pollard, supra, is controlling in this case. Defendant owners purchased this property as a single parcel, not two lots. In order to obtain the advantages of an additional building lot off their property, their home lot is the one that should either qualify for the variance or maintain the status quo. The hardship here is self-created by this application and the variance only yields a financial benefit to said defendants. The hardship was not imposed by the zoning regulations, but by the first owner's desire for privacy and the current owners' desire for profit. Under the statutory authority as described in the cases cited above, no matter how well-intentioned, the Board simply did not have the power to grant this variance since the necessary hardship requirement was lacking. The court does not believe that denial of this variance is confiscatory, since there could have been no reasonable expectation on purchasing this property, in its merged condition, that it could again be legally divided into two home sites.
Accordingly, the appeal is sustained. CT Page 8927
So ordered.
SEQUINO, J.