[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Norman Sawyer and Annette Sawyer have appealed the granting of a variance to the defendant, Christopher Stefanidis who has not appealed, by the defendant Zoning Board of Appeals of the Town of Sharon. On October 13, 1992, Mr. Stefanidis applied for a variance on the setback requirements for lots 341, 342, 343 and 344 on Bartrum Road. Following a hearing on November 16, 1992, the board unanimously approved the application and this appeal followed. The plaintiffs are adjoining owners and are therefore aggrieved and entitled to appeal. General Statutes 8-8.
In rendering its decision, the Board stated:
 The hearing was discussed. The Board has approved variances with four lots in this area before. There is a letter in this file stating that they grant the front setback variance but require Mr. Stefanidis to acquire the fifth lot. The Town does not require the fifth lot. Town approval is based on the ability to meet the State Health Code in that the well and septic are 75 feet apart. It was stated that Mr. Stefanidis cannot build without the Association's approval and the Health Department's approval. After some discussion, Mr. Gottlieb made a motion to grant the 16 ft. variance for the front setback from 50 ft. to 34 ft. because they find it is in character with the Association. In the discussion, it was stressed again that the septic matter is up to Jack Riley. Vote taken on motion = unanimously carried.
Silver Lake Shores was established in the Town of Sharon in 1947. This extensive development consisted of over 400 small lots on the shore of Silver Lake. The majority of these lots were 40 feet wide and approximately 90 feet in depth, although some were slightly smaller or larger depending on the topography. (See Record, No. 7). The Town of Sharon did not adopt subdivision regulations until April of 1970. (Record No. 5) The current version of the Sharon zoning regulations was adopted in December of 1986. (Record No. 6) Silver Lake Shores was included in a rural residence district (RR). The minimum setback from the street is CT Page 5524 50 feet, and the minimum setback from all other lot lines is 30 feet. (Record No. 7, Page 16). Christopher Stefanidis owns lots 341, 342, 343 and 344. Each lot is 40 feet by 90 feet deep. If all four lots are merged, it is possible for Mr. Stefanidis to meet the side lot requirements of 30 feet. It is clearly impossible for him to construct a dwelling that meets both the 50 foot setback from the street together with the 30 foot setback from the rear, since this leaves a "free" zone of only 10 feet. A variance was required of either the setback from the street or the rear yard and Mr. Stefanidis indicated to the Zoning Board of Appeals that he would be satisfied with either one.
 Christopher Stefanidis — Basically, I want. They have a requirement. They have 90 foot lots there. And the way they have it, you need 50 feet away from the road, frontage and 30 feet from any boundary around the lots that you own, which gives me 10 feet to build a home. Which is pretty much impossible. So what I'm asking for is a 16 foot variance so I can build a 26 foot home in depth so that will give me 34 feet to the road instead of 50 feet and in applying to the Association of Silver Lake Shores, and they okayed me. Pretty much a unanimous decision and that is basically what I am asking for. Is a 16 foot variance.
(Record No. 1, Page 1.)
A scaled diagram of the premises, based upon the record of the map, transcript and the zoning regulations indicate the "free" zone for construction is a strip of land 10 feet wide and 100 feet long.
The plaintiff Norman Sawyer attended the Zoning Board of Appeals hearing. His complaints concerned activities other than setbacks, particularly drainage, wetlands, and septic systems. (Record No. 1, Page 7, 8, 9). Mr. Sawyer made complaints about Jack Riley, a town health officer that Mr. Sawyer apparently disagreed with. The Chairman of the Zoning Board of Appeals indicated that they had no control over Mr. Riley's performance and that his work on septic systems had nothing to do with the Zoning Board of Appeals. (Record No. 1, Page 9) Mr. Sawyer agreed but persisted in his complaints. When Mr. Sawyer was specifically asked to discuss the variance, he indicated he did not oppose the variance. Robert Loucks, the Chairman of Zoning Board of Appeals indicated:
 Robert Loucks — Does anyone else have any question for Chris? If not, is there anyone who would like to speak against this, or anyone, is there anybody else that would like to speak for this? Somebody speak against this?
CT Page 5525
 Norman Sawyer — Well, it's not really against it. But there are problems concerning this.
(Record No. 1, Page 4)
Later in the hearing, Mr. Sawyer indicated:
 Well the setback, I can speak directly to that. If the setback were, well, let's put it this way. I have no objection to it being closer to Bartram Road than the fifty feet. Fifty feet I think is a very large setback for houses. Not necessary, in my opinion.
(Record No. 1, Page 14)
Finally, toward the end of the hearing, the chairman of the Zoning Board of Appeals questioned Mr. Sawyer.
 Robert Loucks — Okay. So you're, the problems that you have come up with now, you don't really mind the set back?
Norman Sawyer — Exactly.
(Record No. 1, Page 16).
The plaintiffs' brief cites the case of Abel v. Zoning Board of Appeals, 172 Conn. 286 (1977), as well as Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296 (1980). Johnny Cake, Inc. clearly distinguishes the facts raised in Abel:
 On its face the broad rule stated in Abel would appear dispositive of this appeal. But review of the precedent underlying the rule reveals that it is not. There has always existed a distinction between circumstances such as those in Abel, where the applicant or his predecessor in interest creates a hardship such as an undersized lot, and a situation where the hardship which would justify the grant of a variance originates in the zoning ordinance itself. `Where a nonconformity exists, it is a vested right which adheres to the land itself. And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use.' 1 Anderson, American Law of Zoning (2d Ed.) 6.37, p. 445. Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 483, 408 A.2d 243 (1979). Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. Abel v. Zoning Board of Appeals, supra; Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972); Highland Park, Inc. v. Zoning CT Page 5526 Board of Appeals, 155 Conn. 40, 43, 229 A.2d 356 (1967). But if the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance. Petruzzi v. Zoning Board of Appeals, supra. Otherwise the zoning ordinance could be unjust and confiscatory. Johnny Cake, Inc. v. Zoning Board of Appeals, supra at 300-301.
The decision in this appeal is governed by Kulak v. Zoning Board of Appeals, 184 Conn. 479. The facts of this case are as follows: A subdivision of 50 by 120 foot lots was established in 1916 in Stamford, prior to zoning. Even when zoning was first established, the regulations permitted dwellings to be erected on lots with a 50 foot frontage. In subsequent years, virtually all of the lots were sold, and dwellings were constructed on most of them. In 1973, the individual defendants in that case purchased two 50 by 120 foot lots. One of the lots had a single family residence located upon it which the defendants then sold. Thereafter, they applied to the Zoning Board of Appeals for a variance to build a dwelling on the remaining lot. The Planning Board for the City of Stamford recommended its approval for the reason that the variance could not possibly change the character of the neighborhood and that it was in keeping with the objectives of the master plan for the neighborhood. The Zoning Board of Appeals granted the variance, and plaintiffs, abutting landowners, appealed to the superior court. That court reversed the board's decision, citing Abel, supra. The Supreme Court reversed stating:
 The facts in Abel are not analogous to those in the present case. The present subdivision map was filed in 1916. The zoning ordinance requiring sixty foot frontage was adopted in 1951. The hardship created for the owners of the lot was imposed by the 1951 ordinance. The defendants are not barred by the self-created hardship rule from obtaining a variance. Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. Where, however, the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, a subsequent purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance. Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300, 301, 429 A.2d 883 (1980).
Kulak v. Zoning Board of Appeals, supra.
The facts in Kulak are the same as those in the instant case. The CT Page 5527 Silver Lake Shores subdivision was created prior to zoning, establishing many 40 foot by 90 foot lots. Dwellings were built upon these lots. Zoning was established. Christopher Stefanidis purchased these lots, and he applied for a variance to construct a single dwelling. The hardship was not created by the applicant, or his predecessor. The lots were established before zoning. The hardship was created by the enactment of the zoning ordinance, and the owner of the parcel at the time of the enactment could have sought a variance. The hardship was created by zoning regulations, and not by the act of the applicant. To deny the variance would mean the applicant could not build a dwelling on the four lots that he owned. The minutes of the meeting indicate that: "The board has approved variances with four lots in this area before." (Record No. 2) The Zoning Board of Appeals determined that the variance was therefore in character with the Silver Lake Shores Association area.
The complaints raised by Mr. Sawyer at the hearing and also in his brief are not complaints over which the Zoning Board of Appeals has any jurisdiction. The Zoning Board of Appeals cannot deal with drainage or wetlands or septic systems.
For the reasons stated, the appeal is dismissed.
PICKETT, J. CT Page 5528