[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Kenneth Stilson and Marion Stilson, appeal a decision of the defendant, City of Danbury Zoning Board of Appeals ("ZBA"), granting John Bruno's application for a variance as to the property located at 12-14 Lois Street, Danbury, Connecticut. The ZBA acted pursuant to General Statutes, Sec. CT Page 48108-6(a)(3). The plaintiffs appeal pursuant to General Statutes, Sec. 8-8(b).
On April 14, 1994, the ZBA granted Bruno's variance application. On May 6, 1994, the plaintiffs served Richard S. Jowdy, Chairman of the City of Danbury Zoning Board of Appeals; Michael Seri, Town Clerk for the City of Danbury; Elizabeth Crudgington, City Clerk for the City of Danbury; and John Bruno. On May 6, 1994, the plaintiffs filed an appeal with the clerk of the Superior Court, Judicial District of Danbury. A Return of Record was filed on August 5, 1994. This appeal was heard by the court on January 17, 1995.
Jean Lewis and Marjorie Holmes own lots 8, 9, 10 and 11 in the "Prospect Parke" subdivision created in 1905, currently located at 12-14 Lois Street, Danbury, Connecticut. The subject property of the current appeal is a portion of lot 10 and lot 11.[1] The property is located in a RA-20 zone which mandates a minimum of 20,000 square feet per lot. Each of these aforementioned lots consists of 3,200 square feet (40 feet wide x 80 feet deep), falling well below the minimum lot requirement for property located in a RA-20 zone. Nevertheless, the creation of these lots in 1905 predates the adoption of the Zoning Regulations by the City of Danbury on August 3, 1971.
The applicant, John Bruno, as a contract purchaser, seeks to construct a single family dwelling on the subject property. On January 14, 1994, Bruno filed an application for the necessary variances. On March 24, 1994, the ZBA denied Bruno's variance application without prejudice on the basis that "[t]his is not the minimum variance necessary for reasonable use of the property and the Board would like to see less coverage of the lot."
On March 28, 1994, Bruno reapplied for a variance, having reduced the size of the proposed single family dwelling. The March 28, 1994 application requested the following variances: (a) side yards from 15 feet to 11 feet on both the east and west side of the house; (b) front yard from 30 feet to 15 feet; (c) rear yard from 35 feet to 32 feet for house and from 25 feet to 22 feet for deck; (d) building coverage from 20 percent to 23 percent of lot; (e) total lot area from 20,000 square feet to 5,670 square feet by combining two pre-existing nonconforming lots into one; and (f) reduce minimum square feet from 100 feet to 48 feet. The application stated that "[b]oth lots are grandfathered but placement of one home on both lots is CT Page 4811 practically impossible due to the size and shape of the parcels." On April 14, 1994, the ZBA voted unanimously to grant the variances requested pursuant to application No. 94-18.[2]
Notice of the approval was published in the News-Times on April 25, 1994. Kenneth and Marion Stilson, owners of property abutting the subject property, thereafter filed this appeal.
"`Pleading and proof of aggrievement [are] prerequisite[s] to a trial court's jurisdiction over the subject matter of an appeal.'" DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 588 A.2d 244 (1991), cert. denied, 219 Conn. 903,593 A.2d 129 (1991). "The question of aggrievement is essentially one of standing." Id., citing Beckish v. Manafort, 175 Conn. 415,419, 399 A.2d 1274 (1978). "`Aggrievement presents a question of fact for the trial court.'" McNally v. Zoning Commission,225 Conn. 1, 7, 621 A.2d 279 (1993).
"In the case of a decision by a zoning commission . . . `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes, Sec.8-8(a)(1). The "land involved" is the complete tract of subject property owned by the applicant. Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 663, 560 A.2d 975 (1989).
In the present case, the plaintiffs are aggrieved because they are owners of land abutting the subject property of the present appeal.
An appeal under General Statutes, Sec. 8-8(b) must be "commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes, Sec. 8-8(b). In the present case, the decision of the ZBA was published in the News-Times on April 25, 1994. On May 6, 1994, the plaintiffs served the chairman of the ZBA, the town clerk, the city clerk and Bruno. Therefore, the present appeal is timely.
The standard or review to be applied by the trial court is "whether `the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion.' [Citations omitted.] `The trial court may not retry the case or substitute its judgment for that of the agency. . . .'" Smith v. Zoning Board ofAppeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993). "The question is not whether the trial court would have reached the same CT Page 4812 conclusion, but whether the record before the agency supports the decision reached." (Citations omitted.) DeBeradinis v. ZoningCommission, 228 Conn. 187, 198, 635 A.2d 1220 (1994).
"Although it is desirable for a zoning authority to state the grounds for granting a variance and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the board's decision. If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz v.Zoning Board of Appeals, 15 Conn. App. 729, 732, 546 A.2d 919, aff'd, 211 Conn. 76, 556 A.2d 1024 (1989).
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
The plaintiffs appeal the ZBA's decision on the grounds that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that (1) the land involved in the decision was not subject to exceptional difficulty or unusual hardship; (2) the claimed hardship was self-created and self-inflicted; (3) the zoning regulation sought to be varied was one of general application affecting all properties in the same zoning district; and (4) the owner or predecessor had knowledge, express or implied, of the zoning regulations when the subject land was acquired or altered.
The defendants argue that (1) the subject lots are conforming in size, because the lots were created in 1905 before the RA-20 designation was applied; (2) the current setbacks would allow a dwelling, at most, 15 feet wide, resulting in a practical confiscation of the existing lot; and (3) the owners and the applicant are entitled to a variance under the present circumstances, especially in light of the fact that four nonconforming lots would be merged into two.
A zoning board of appeals has the power "to determine and vary the application of the zoning bylaws, ordinances or regulations. . . ." General Statutes, Sec. 8-6(a)(3). "A variance `authorizes the landowner to use his property in a manner prohibited by the [zoning] regulations.'" Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 697, 626 A.2d 698 (1993). CT Page 4813
"The authority of a zoning board of appeals to grant a variance under General Statutes 8-6(3) `requires the fulfillment of two conditions: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" (Footnote omitted.) Francini v.Zoning Board of Appeals, 228 Conn. 785, 790, 639 A.2d 519 (1994). If, however, "`the claimed hardship arises from the applicant's voluntary act, the zoning board lacks the power to grant a variance.'" Johnny Cake, Inc. v. Zoning Board of Appeals,180 Conn. 296, 300, 429 A.2d 883 (1980). "The hardship which justifies a zoning board of appeals in granting a variance must be one that originates in the zoning ordinance; [citations omitted]; and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Pollard v. Zoning Board of Appeals,186 Conn. 32, 39-40, 438 A.2d 1186 (1982).
With regard to the plaintiffs' claim that the hardship was self-created, the subject lots have existed as distinct lots since 1905. The subject lots have been nonconforming in size since the enactment of the zoning regulations in 1971. "`Where a nonconformity exists, it is a vested right which adheres to the land itself.'" Johnny Cake, Inc. v. Zoning Board of Appeals,
supra, 180 Conn. 300. The right to seek a variance is not extinguished by the arrival of a new owner. See, id. Here, Bruno did not create the nonconformity, but, rather, the nonconformity arose with the enactment of the zoning regulations. Thus, Bruno did not create his own hardship.
In the present case, the record reveals that the ZBA addressed the requisite "unusual hardship" necessary for the granting of the variance. The ZBA did not, however, state the reasons for its decision.
With regard to whether a basis exists for the ZBA's action in granting Bruno's application, the record reveals that the ZBA felt that the hardship came from the nonconforming size of the lots and from the need to allow more than 10 feet within which to build a house. The record showed that the maximum width of the building, from outer wall to outer wall, would be 10 feet, supporting the board's contention that it would be completely impractical to build a house of that width. Yet further, the property is in a residential zone, where the only use permitted CT Page 4814 is as a residence. Accordingly, ample evidence exists in the record to support the conclusion that applying the front, rear and side setbacks, contained in section 4.A.3 of the Zoning Regulations, would effectively preclude construction of a residence on the subject property, thus making the lots unbuildable.
The plaintiffs' appeal of the ZBA's decision to grant the subject variances is dismissed because ample evidence exists in the record to support its decision.
Stodolink, J.