[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the action of the defendant Zoning Board of Appeals of the Town of Lebanon (hereinafter the Board) in granting the application of Marty Gilman, Inc. (hereinafter Gilman) for a variance. For reasons hereinafter stated, the decision of the Board granting the variance is affirmed.
This appeal has been brought under the provisions of General Statutes § 8-8(b) which limits such appeals to persons who are aggrieved by the decision appealed from. Pleading and proof of aggrievement are essential to plaintiff's case. Bakelaar v.West Haven, 193 Conn. 59, 65 (1984); Jolly, Inc. v. Zoning Boardof Appeals, 237 Conn. 184 (1996).
This action was originally brought by plaintiffs Denis G. Czikowsky, Carol J. Czikowsky, Arlene Goyette and Anne Sanger. The record indicates that issues of standing and aggrievement of the plaintiffs were raised by motions to dismiss and that such motions were granted except as to Anne Sanger who is the only remaining plaintiff.
The question of aggrievement, having been decided, the issue will not again be reconsidered.
This matter came before the Court together with the related case of Goyette v. Planning Zoning Commission (Docket No. 112654). That case involved most of the same litigants and was an appeal from a change of zone. Judicial notice has been taken of the file in that case.
The record indicates that on April 23, 1997, Gilman filed with the Board an application for a variance. The property which was the subject of the variance request was the 22.73 acres tract which was involved in Goyette. This property was owned by Fay CT Page 1189 Schwartz, and Gilman had a contract to purchase the land.
At the time of the application, the property was in a Light Industry Zone. Section 4.8 of the zoning regulations contains the provisions regulating activities in that zone.
By its application, Gilman requested a variance from the strict application of § 4.8.c.1 of the regulations.
The Board held a public hearing on Gilman's application on May 15, 1997, at which the public and parties at interest were heard. At the conclusion of the public hearing the Board discussed the matter and voted unanimously to grant the variance request stating the reasons for such action as follows:
 1. Hardship created by placement of district line by PZC where land cannot be accessed at any point without violating Section 4.8.c.1 of the Zoning regulations. 2. Parcel has natural barriers — wetlands, ravine — that restrict access at other locations. 3. Parcel cannot be used as zoned without access.
This appeal followed the granting of the variance.
A variance constitutes permission for a property owner to use his, or her, land in a manner that is otherwise prohibited by the zoning regulations. Burlington v. Jencik, 168 Conn. 506, 508 (1975). The granting of variances must be reserved for unusual or exceptional circumstances. Kelly v. Zoning Board of Appeals,21 Conn. App. 594, 598 (1990). An applicant for a variance must show that, because of some peculiar characteristic of the property, the strict application of the zoning regulations produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. Dolan v. Zoning Board ofAppeals, 156 Conn. 426, 430 (1968).
For a zoning board of appeals to grant a variance under the provisions of § 8-6(a)(3), two basic requirements must he satisfied. "(1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.)Grillo v. Zoning Board of Appeals, supra, 206 Conn. 368. CT Page 1190
Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. Point O'Woods Assn., Inc. v. Zoning Board ofAppeals, 178 Conn. 364, 368 (1979).
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals,18 Conn. App. 674, 676 (1989). The authority of the court is limited by law to a review of the proceedings before the board. The function of the court in such a review is to determine whether the board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals, 152 Conn. 247,248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the board.Burnam v. Planning and Zoning Commission, 189 Conn. 261, 265
(1983). The court cannot substitute its discretion for the liberal discretion conferred by the legislature on the board. The court is limited to granting relief only when it can be shown that the board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board,145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the board's actions. Burnam, supra,189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant board in taking the action which it did. The court is limited to determining whether or not the board's action can be supported by the law.
Plaintiff claims that the granting of the variance was arbitrary and illegal on two general grounds. The first claim is that there was no showing of an exceptional difficulty or unusual hardship. As a part of this claim, plaintiff points out that financial consideration may not be grounds for a finding of hardship and that here the hardship was self created and this does not support a finding of legal hardship. The second claim of plaintiff is that the granting of the variance would substantially affect the comprehensive plan and would not be in harmony with the general purpose of the zoning regulations.
It would be appropriate to summarize the factual background of this appeal before considering the specific issues raised by plaintiff. These facts do not appear to be in dispute. CT Page 1191
In February, 1997, Gilman filed an application with the Lebanon Planning and Zoning Commission to change the zone of a 22.73 acre tract of land in Lebanon from RA Residential/Agricultural to Light Industry.
On April 9, 1997, the application for zone change to Light Industry, was approved by the Planning and Zoning Commission.[1]
The tract of land, now zoned for Light Industry, was bounded by Scott Hill Road, Standish Road, Route 2 and the Bozrah town line. The adjoining land in Bozrah was zoned for residential use and the surrounding land in Lebanon along Scott Hill Road and Standish Road was in an RA Residential/Agricultural zone.
Section 4.8.c.1 of the zoning regulations, for which Gilman sought the variance required that:
 Access to any industrial facility shall not be closer than 100 feet to any residential district line.
The record is clear that, at the time of the variance request, the property in question was zoned Light Industry and was surrounded by property which allowed residential use and a non-access state highway.
Although the Board made no specific finding on the point, the record reasonably supports a conclusion that the variance does not affect substantially the comprehensive zoning plan. This is one of the basic requirements for the granting of a variance.Grillo v. Zoning Board of Appeals, supra, 208 Conn. 368. The comprehensive plan is found in the scheme of the zoning regulations themselves and the zoning map established pursuant to those regulations. Burnham v. Planning Zoning Commission,189 Conn. 261, 276 (1983).
The property in question was located in a Light Industry Zone. It is logical to conclude that an industrial, or manufacturing, use would be appropriate in such zone and it was Gilman's intent to use the property for such purpose. The granting of the variance would allow Gilman to use the property for such use in accordance with the regulations and the comprehensive plan.
The adjoining property in Lebanon is in the RA — Rural CT Page 1192 Agricultural Zone. Uses allowed in this zone are set forth in § 4.2 of the regulations. In addition to one and two-family dwellings, this section allows extensive agricultural uses as well as other permitted and special exception uses which are not incompatible with light industry.
Wetlands on the property would serve as an appropriate buffer to protect residential property in the area.
It must then be concluded that the record reasonably supports a conclusion that the variance would not substantially affect the comprehensive zoning plan.
Before a variance can be granted, it must also be established that adherence to the strict letter of the regulations would cause unusual hardship. Grillo v. Zoning Board of Appeals, supra.
At the public hearing, Gilman claimed hardship and that the variance was necessary if reasonable use was to be made of the property because of the boundaries resulting from the zone change. Gilman also claimed that certain natural conditions on the property, wetlands, a ravine and the non-access line of Route 2 necessitated the variance.
Plaintiff points out that adequate frontage existed on Scott Hill Road for safe access to the property and this would not involve wetlands, the ravine or Route 2. The real issue there is whether Gilman's predicament arising out of the zone change which it requested could be found to be an exceptional difficulty or unusual hardship Grillo v. Zoning Board of Appeals, supra,206 Conn. 368.
It is not the function of the Board to vary regulations merely because the regulations might hinder a landowner from putting its property to its most profitable use. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 430-431 (1968). "Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has a confiscatory or arbitrary effect." Grillo v. Zoning Board of Appeals, supra,206 Conn. 369. CT Page 1193
Plaintiff argues that § 4.8.c.1 is not confiscatory and that Gilman can make reasonable use of the property under the regulations.
Section 4.8 of the regulations allows the following uses as a matter of right in the Light Industrial Zone.
Permitted Uses:
1. Agriculture as permitted in the RA District.
 2. Manufacturing, processing, warehousing of goods except as limited by b. below.
 3. Office buildings, research laboratories except as limited by b. below.
Subsection b. of § 4.8 allows warehousing of goods, office buildings and research laboratories by special exception, but only as accessory to the principal use. It would appear then that the only clear cut use to which Gilman could devote the property if the variance were not granted would be agriculture. Although agriculture is a noble endeavor limiting property to that use in the present day and age is such a severe restriction that it bears no relationship to the purpose of zoning and would have a confiscatory and arbitrary effect. It would be unique in the Town of Lebanon.
Plaintiff also claims that Gilman's hardship was self created in that it voluntarily entered into this situation. When the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance. Abel v. ZoningBoard of Appeals, 172 Conn. 286, 289 (1977). See also Pollard v.Zoning Board of Appeals, 186 Conn. 32, 39 (1982). A hardship must arise from circumstances or conditions beyond the control of the property owner. Spencer v. Zoning Board of Appeals,15 Conn. App. 387, 389 (1988).
The situation here, however, differs from that found in Abel
and Pollard. This case falls under the law as set forth in JohnnyCake, Inc. v. Zoning Board of Appeals, 180 Conn. 296 and Lawrence Memorial Hospital, Inc. v. Zoning Board of Appeals,22 Conn. App. 291 (1990). There is a distinction between the situation where the applicant, as its predecessor, creates a hardship and a CT Page 1194 situation where the hardship originates in the zoning regulation itself. Johnny Cake, Inc. v. Zoning Board of Appeals, supra,180 Conn. 300. As the court stated in Pollard v. Zoning Board ofAppeals, supra, 186 Conn. 39. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance." An ordinance which permanently restricts the use of land for any reasonable purpose goes beyond permissible regulation and amounts to practical confiscation. Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 151 (1976).
In the present case, the Board correctly recognized that the zoning regulations effectively deprived the owner and the applicant of any reasonable use of the property. The property was restricted to the limited uses allowed in the Light Industry Zone. Section 4.8.c.1, however, prevented the owner of the property from the principal use allowed in the zone.
In the present case, the Board correctly recognized that § 4.8.c.1 of the zoning regulations effectively deprived the owner and the applicant of any reasonable use of the property when in granting the variance it found:
 1. Hardship created by placement of district line by PZC where land cannot be accessed at any point without violating Section 4.8.c.1 of the Zoning Regulations . . . 3. Parcel cannot be used as zoned without access.
The property was restricted to the limited uses allowed in the Light Industry Zone. Section 4.8.c. 1, however, prevented the owner of the property reasonable use of the property including the principal use allowed in the zone.
Where, as here, the Board has stated the reasons for its action on the record the court is limited to determining whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Board is required to apply under the zoning regulations. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 544 (1991). The action of the Board must be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. ZoningCommission, 173 Conn. 23, 26 (1977).
In this case, the reasons above stated are reasonably CT Page 1195 supported by the record and are pertinent to the consideration which the Board was required to apply. It must then be found that the Board did not abuse its discretion in granting the variance.
Accordingly, judgment is rendered for the defendants affirming the action of the Board granting the variance.
Joseph J. Purtill Judge Trial Referee